OPINION
{¶ 1} Defendant-appellant, David E. Price, appeals from the April 14, 2003 judgment of the Franklin County Court of Common Pleas revoking defendant's community control sanctions and sentencing him to six years in prison. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On September 7, 2001, defendant was indicted by the Franklin County Grand Jury on the following four felony counts: two counts of robbery, in violation of R.C. 2911.02; one count of kidnapping, in violation of R.C. 2905.01; and one count of abduction, in violation of R.C. 2905.02. On January 14, 2002, defendant pled guilty to one count of robbery, a felony of the second degree. The court entered a nolle prosequi as to the remaining three counts contained in the indictment against defendant.
 {¶ 3} The prosecutor and trial counsel for defendant jointly recommended a sentence of community control. The trial court's February 26, 2002 judgment entry, which acceded to this recommendation, provided as follows:
The Court hereby imposes a period of Community Control forThree (3) years under intensive supervision. In addition to the provisions of R.C. 2951.02 and the general requirements of the Franklin County Department of Community Control, as authorized by the Common Pleas Court and as given to the Defendant in writing, the Court imposes the following Community Control Sanctions (See R.C. 2929.15, R.C. 2929.16 and R.C. 2929.17): The Defendant shall be placed in the Franklin County Community Based Correctional Facility for a period not to exceed six (6) months and complete all personalized program requirements as established by that facility. While at the Franklin County Community Based Correctional Facility, the Defendant Shall: a) be financially responsible for his/her clothing, medical and dental needs; b) obey and be subject to all the rules and regulations of the facility. Upon successful completion of the Community Based Correctional Facility program, the Defendant will abide by all the rules and regulations of the Probation Department; that the Defendant shall successfully complete Eighty (80) hours of community service as determined by the Probation Officer; that the Defendant submit to alcohol/drug testing and treatment, including random urine screens, as determined by the Probation Officer; Defendant shall obtain/maintain employment; Defendant shall obtain his GED; and Defendant shall have no contact with victims/witnesses.
 {¶ 4} On January 7, 2003, the trial court declared that defendant had absconded, and, accordingly, suspended the probationary period pursuant to R.C. 2951.07. The entry refers to October 29, 2002, as "being [defendant's] last date of reporting in person to the Probation Office."
 {¶ 5} On February 19, 2003, the probation officer filed a request for revocation of probation and statement of violations. Defendant allegedly committed the following violations: failed to report to the probation department on three specified dates; failed to report for mandatory urine screen on October 18, 2002; submitted urine sample that was positive for cocaine and marijuana on November 4, 2002; "unsuccessfully terminated from Community service program"; failed to complete House of Hope drug treatment program; failed to obtain and maintain "full-time verifiable employment"; and failed to make payment of $25 per month, as ordered by the probation department.
 {¶ 6} The trial court held a Community Control revocation hearing on April 14, 2003. At the hearing, defendant, through counsel, admitted that he had violated several terms of his community control sentence. (Tr. 2-3.) In its April 14, 2003 judgment entry, the trial court revoked defendant's community control sanctions and sentenced him to six years in prison. Defendant appeals from this judgment and assigns the following error:
The trial court erred in ordering revocation of appellant's community control sanction and imposing a six-year-prison term.
 {¶ 7} R.C. 2953.08 sets forth the rights and procedures for appellate review of sentences alleged to violate R.C. Chapter 2929. State v. Price (Dec. 31, 2001), Franklin App. No. 00AP-1434; State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169, at ¶ 8. ("The appellate jurisdiction of the courts of appeals * * * with respect to review of criminal sentences is set out in R.C. 2953.08.")
 {¶ 8} The state argues that defendant's sentence is not subject to appellate review. Specifically, it argues that none of the enumerated grounds for appealing felony sentences contained in R.C. 2953.08 apply to this case, and, alternatively, R.C.2953.08(D) precludes this appeal. We disagree with the state on this threshold issue.
 {¶ 9} R.C. 2953.08 provides, in relevant part, as follows:
(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
* * *
(4) The sentence is contrary to law.
* * *
(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
 {¶ 10} "R.C. 2953.08(A)(1)-(6) specifies the particular grounds on which a defendant may seek appellate review of his or her sentence." Lofton, at ¶ 9. Defendant's argument on appeal is essentially that the trial court erred by not complying with Ohio felony sentencing law. Thus, pursuant to R.C. 2953.08(A)(4), defendant has appealed "on the grounds" that his sentence is contrary to law. See Price, supra ("[D]efendant contends that his sentence is contrary to law, which is the basis for the appeal under R.C. 2953.08(A)(4). Accordingly, we find that defendant has a valid basis on which to bring this appeal.");State v. Shiffler, Lucas App. No. L-02-1044, 2002-Ohio-4947, ¶ 13. ("To us, anytime a sentencing court does not follow the sentencing statutes, that court has issued a sentence that is contrary to law.") Consequently, unless R.C. 2953.08(D) applies, defendant's sentence is subject to this court's appellate review.
 {¶ 11} R.C. 2953.08(D) does not apply to this case because one of the three elements required by R.C. 2953.08(D) has not been met. Under the plain language of R.C. 2953.08(D), a jointly recommended sentence, "authorized by law," and imposed by a sentencing judge, is not subject to appellate review. In this case, the sentence was imposed by a sentencing judge and was authorized by law, but was not a jointly recommended sentence. The sentence was "authorized by law," as that term is used in R.C. 2953.08(D) because the prison term does not exceed the maximum term prescribed by R.C. 2929.14(A)(2) for a second-degree felony. See State v. Harris (Dec. 31, 2001), Franklin App. No. 01AP-340. ("A sentence is `authorized by law' under R.C.2953.08(D) as long as the prison term imposed does not exceed the maximum term prescribed by the statute for the offense.")[1]
 {¶ 12} Contrary to the state's assertion, the six-year prison sentence was not jointly recommended by the parties in this case. The state argues that "[s]ince defendant pled guilty to a second degree felony, the terms of community control necessarily included the consequence of being sentenced to two, three, four, five, six, seven, or eight years upon revocation pursuant to R.C. § 2929.14(A)(2)." (State's brief at 2.) The state cites to cases in which this court has found R.C. 2953.08(D) applicable. Id. at 2, citing State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA11-1524; Harris, supra; and State v. Carter, Franklin App. No. 02AP-294, 2002-Ohio-6967. In these cases cited by the state, the trial court sentenced each defendant according to joint recommendations that specified the prison term. SeeGraham, supra, ("[Defendant] had reached an agreement with the prosecutor for a fixed sentence of sixteen years."); Harris
("Pursuant to a joint recommendation between defendant and the prosecution, the trial court sentenced defendant to a prison term of two years on each of the three counts, to be served consecutively."); and Carter, supra, at ¶ 2. ("The trial court * * * sentenced [defendant], pursuant to a jointly recommended sentence, to consecutive seven-month prison terms for each count for a total of 35 months in prison.")
 {¶ 13} The case at bar is distinguishable from the above cases because nothing in the record indicates that defendant agreed to a specific prison sentence if his community control sentence was revoked. The trial court's February 26, 2002 judgment entry indicates that the parties jointly recommended a community control sentence. After the trial court imposed the community control sentence, it notified defendant of the possible consequences of violating community control, pursuant to R.C.2929.19(B)(5). (See February 26, 2002 Notice.) The notice, signed by defendant, indicated that if he violated the community control, he could be sentenced to prison for up to eight years. See id. In view of the facts in this case, we conclude that the six-year prison sentence was not a "jointly recommended sentence." Consequently, R.C. 2953.08(D) does not preclude this appeal, and defendant's sentence is reviewable by this appellate court.
 {¶ 14} Having determined that defendant's sentence is subject to appellate review, the issue becomes whether the trial court erred in revoking the community control sentence and imposing a six-year prison term on defendant. Prior to the enactment of R.C.2953.08 as part of S.B. No. 2 in 1996, "the standard of appellate review of a sentenced imposed within statutory limits was abuse of discretion." State v. Hacker, Clark App. No. 2001-CA-85, 2002-Ohio-2920. However, felony sentences are no longer reviewed under the abuse of discretion standard. Price, supra; State v.Freeman, Jefferson App. No. 02-JE-42, 2003-Ohio-6730, at ¶ 59;State v. Jackson (June 25, 2001), Butler App. No. CA2000-03-045. R.C. 2953.08(G)(2) specifically provides that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." The R.C. 2953.08(G)(2) standard of review is less deferential than the abuse of discretion standard. See Hacker ("the requirement that the appellate court `clearly and convincingly' find that the record does not support the sentencing court's findings, suggests that a trial court's sentencing findings are entitled to deference, but not the same extent of deference that prevailed under the abuse of discretion standard of review"). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or may vacate the sentence and remand the matter for resentencing, if it "clearly and convincingly finds" either "(a) [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant * * * [or] (b) [t]hat the sentence is otherwise contrary to law." Furthermore, if the trial court was required to make certain findings pursuant to R.C. 2929.13, 2929.14, or 2929.20, and it did not do so, then an appellate court must remand the case to the sentencing court. R.C. 2953.08(G)(1).
 {¶ 15} Pursuant to R.C. 2953.08(F), proper review of the sentence in this case requires this court to review the entire record, including the trial court's judgment entry, the transcript of the sentencing hearing, the court's sentencing worksheet, and the presentence investigation report ("the PSI").State v. Clark, Franklin App. No. 02AP-1312, 2003-Ohio-4136, at ¶ 23.
 {¶ 16} Preliminarily, we find that R.C. 2953.08(G)(1) and (2)(a) do not apply to this case. Given the six-year prison sentence imposed on defendant in this case, the sentencing court was not required to make findings under R.C. 2929.13(B) or (D),2929.14(E)(4), or 2929.20(H). The trial court did not sentence defendant for a fourth or fifth degree felony, and defendant was sentenced to prison. See R.C. 2929.13(B) and (D). The trial court did not impose multiple prison terms on defendant. See R.C.2929.14(E)(4). Lastly, the trial court did not grant a judicial release. See R.C. 2929.20(H).
 {¶ 17} Although we find that R.C. 2953.08(G)(1) and (2)(a) are not relevant to the trial court's sentencing defendant to prison in this case, we still must determine whether the trial court clearly and convincingly acted contrary to law. See R.C.2953.08(G)(2)(b).
 {¶ 18} Defendant asserts that "the record is insufficient to justify revocation of his community control sanction and the imposition of a six-year prison term," and that "the trial court should have made more detailed findings as to those conditions [of the community control sentence] which appellant did satisfy." (Defendant's brief, at 13.) We disagree. R.C. 2929.15(B) provides, in pertinent part, as follows:
If the conditions of a community control sanction are violated * * * the sentencing court may impose * * * a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term * * * imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to [R.C. 2929.19(B)(5)]. * * *
At the April 14, 2003 hearing, defendant, through counsel, admitted to violating several terms of the community control sentence. In view of that admission, the trial court clearly had the authority, under R.C. 2929.15, to revoke the community control sentence and sentence defendant to prison. Thus, because defendant did not comply with the conditions of his community control sentence, R.C. 2929.15(B) was invoked, and the trial court was permitted to impose a prison sentence on defendant. Furthermore, a six-year prison term is "within the range of prison terms available for the offense," see R.C. 2929.14(A), and does not exceed the prison term specified in the notice provided to defendant at the sentencing hearing.
 {¶ 19} Defendant contends that "the trial court initially sentenced appellant to a three-year term of community control/probation; in so doing, the trial court necessarily determined such sentence to be appropriate under the law and facts of this case." (Defendant's brief at 7.) More specifically, defendant asserts that, when the court imposed a community control sentence, it "necessarily made a two-fold determination as a prerequisite to rebutting the presumption in favor of imposing a prison term: that the community control sanction served both to adequately punish appellant and to protect the public"; and that the conduct of appellant was less serious than conduct normally constituting the offense. (Defendant's brief, at 10-11.) We disagree that the trial court "necessarily" made these determinations when it originally imposed a community control sentence rather than a prison sentence.
 {¶ 20} In this case, a prison term was not mandatory pursuant to R.C. 2929.13(F). However, there was a presumption in favor of prison pursuant to R.C. 2929.13(D). Also, it was presumed that a prison term was necessary "in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D). The sentencing court, in its February 26, 2002 entry, did not state that it made the findings under R.C.2929.13(D)(1) and (2). In fact, the felony sentencing worksheet filed on the same day as the entry imposing community control does not indicate that the presumption in favor of prison was rebutted pursuant to R.C. 2929.13(D). On this worksheet, multiple factors under "more serious" are marked as existing in this case, but no factors under "less serious" are marked. Likewise, multiple factors under "recidivism likely" are checked, but no factors under "recidivism not likely" are checked. Thus, according to this worksheet, the sentencing court did not make the findings necessary to rebut the presumption under R.C.2929.13(D). Thus, the record indicates that, when the trial court sentenced defendant to community control, it did not make the findings required to rebut the presumption under R.C. 2929.13(D). Nonetheless, we note that the parties jointly recommended a community control sentence, and the trial court, despite not making the R.C. 2929.13(D)(1) and (2) findings, imposed a community control sentence of three years. Neither party appealed, timely or otherwise, to this court from the judgment that sentenced defendant to community control. Moreover, the facts of this case changed when defendant violated his community control sentence.
 {¶ 21} Based on the foregoing, defendant's argument that "the trial court necessarily determined such [community control] sentence to be appropriate under the law and facts of this case" is without merit.
 {¶ 22} Defendant asserts that the sentencing court erred when it marked, on the felony sentencing worksheet, that the "[i]njury was worsened because of the physical/mental condition/age of the victim." (Defendant's brief, at 11.) In addition to marking this factor, the court circled "mental condition" and "age," and handwrote "2 victims" next to this factor. Defendant argues that the sentencing court "erroneously considered this `more serious' factor as applicable in the instant case." Id. Defendant also contends that, in view of the statements of defendant and his counsel at the sentencing hearing, the sentencing court erroneously indicated on the felony sentencing worksheet that defendant "fail[ed] to acknowledge pattern of drug or alcohol abuse that is related to the offense." Lastly, defendant cites to the following statement made by the prosecutor at the sentencing hearing as being "improper": "I don't think we can rely on [defendant] to be in the Salvation Army program which is about six blocks from my home. The Salvation Army program is not a lockdown facility. The Defendant is free to come and go as he wishes." (Tr. 5.)
 {¶ 23} A sentence imposed by a trial court "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing." R.C. 2929.11(B). The overriding purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Under R.C.2929.12(A), a court that imposes a sentence under Chapter 2929 of the Revised Code "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]." When exercising that discretion, the sentencing court shall consider the factors provided in R.C.2929.12(B) and (C), which relate to the seriousness of the conduct, and R.C. 2929.12(D) and (E), which relate to the likelihood of the offender's recidivism. The trial court, in its April 14, 2003 judgment entry, stated as follows: "The Court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14."
 {¶ 24} According to the PSI, defendant robbed a 48-year-old mentally handicapped individual. Furthermore, information in the PSI indicates that defendant has a history of criminal convictions as well as a history of failing to respond favorably to probation. On January 18, 2002, the probation officer, who submitted the PSI, spoke with the mentally handicapped individual's mother. The PSI indicates that the mother stated to the officer that defendant arrived at her home a couple of times after the incident, urging her son not to testify, and that defendant had used the house keys he had stolen in the robbery. (PSI, at 4.)
 {¶ 25} Even assuming, arguendo, that the record does not support the trial court's findings that there were "two victims," that the injury was worsened because of the age of a victim, or that defendant has not acknowledged a pattern of drug or alcohol abuse that is related to the offense, defendant has not established, by clear and convincing evidence, that his prison sentence was contrary to law. We reach this conclusion because the record otherwise supports the sentencing court's findings regarding the seriousness of the offense and the likelihood of recidivism. See State v. Glenn, Lake App. No. 2001-L-098, 2002-Ohio-5865. Additionally, nothing in the record indicates that the sentencing court considered the prosecutor's "personalized" statement regarding defendant's potential drug treatment and rehabilitation when it sentenced defendant.
 {¶ 26} Considering the entire record in this case, we conclude that the trial court complied with the applicable sentencing guidelines and did not err when it revoked defendant's community control sentence and imposed a six-year prison term on defendant. Stated differently, we do not find, by clear and convincing evidence, that the record does not support the six-year prison sentence or that the sentence imposed is contrary to law; consequently, we are not authorized to take any action pursuant to R.C. 2953.08(G). Accordingly, defendant's sole assignment of error is overruled.
 {¶ 27} Having overruled defendant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bowman and Watson, JJ., concur.
[1] We note that a sentence that is not "authorized by law" would necessarily be "contrary to law." However, a sentence that is "authorized by law," as that term is used in R.C. 2953.08(D), could still be "contrary to law."