OPINION
{¶ 1} Defendant-appellant, Kristopher Chilton, appeals from a judgment of the Franklin County Court of Common Pleas in which the trial court sentenced him to a total of 28 years to life in the Ohio correctional system after finding him guilty of murder, felonious assault, and tampering with evidence. Defendant assigns a single error:
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES. *Page 2 
Because the trial court's sentence is not clearly and convincingly contrary to law, we affirm.
 {¶ 2} On August 3, 2006, the Domestic Relations Division, Juvenile Branch, of the Franklin County Court of Common Pleas, heard and granted the state's R.C. 2152.12(A) motion to allow defendant to be criminally prosecuted as an adult. The court found probable cause to believe defendant, at the age of 16, committed the act of murder, felonious assault, and tampering with evidence, and further displayed, brandished, used, or indicated possession of a firearm at the time he committed the offenses. Defendant, through counsel, waived the mental examination in the discretionary portion of the motion to relinquish jurisdiction and stipulated to not being amenable to rehabilitation in the juvenile court system. Defendant further waived a report of his prior juvenile record, previous efforts made to rehabilitate him, social investigation through the probation department into his family environment, and his school records. The court ordered the matter transferred to the general division of the common pleas court for criminal prosecution.
 {¶ 3} By indictment filed August 10, 2006, defendant was charged with one count each of murder in violation of R.C. 2903.02, felonious assault in violation of R.C. 2903.11, both with a gun specification under R.C. 2941.145, and tampering with evidence in violation of R.C. 2921.12. After several continuances, the matter was scheduled for trial on August 6, 2007. On that date, defendant waived his right to a jury trial, and the charges were tried to the court on August 6, 7, and 8. Finding defendant guilty of all three charges and the gun specification, the trial court sentenced defendant to 15 years to life on the murder conviction, plus three years for the gun specification, six years on the *Page 3 
charge of felonious assault, and four years on the tampering with evidence charge, all to be served consecutively for a total of 28 years to life.
 {¶ 4} Defendant appeals, contending the trial court abused its discretion in sentencing him to consecutive sentences; defendant asserts the trial court instead should have ordered his sentences to be served concurrently.
 {¶ 5} "R.C. 2953.08(A)(1) — (6) specifies the particular grounds on which a defendant may seek appellate review of his or her sentence."State v. Price, Franklin App. No. 03AP-459, 2004-Ohio-1223, at ¶ 10, quoting State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169, at ¶ 9. Because defendant contends the trial court should have sentenced him to concurrent, rather than consecutive, sentences, he in essence contends his sentence is contrary to law under R.C. 2953.08(A)(4). Under R.C. 2953.08(G)(2), a court hearing an appeal under R.C. 2953.08(A), as here, must "look to the record to determine whether the sentencing court considered and properly applied the [non-excised] statutory guidelines and whether the sentence is otherwise contrary to law." State v.Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, at ¶ 19, quotingState v. Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, at ¶ 16.
 {¶ 6} Although defendant suggests we apply an abuse of discretion standard in reviewing the trial court's sentence, R.C. 2953.08(G)(2) states "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, "[t]he appellate court may take any action authorized by this division if it clearly and convincingly finds * * * the sentence is otherwise contrary to law." Id. See, also, Burton, supra, at ¶ 19 (stating R.C. 2953.08[G] requires appellate courts to continue to review felony sentences post-Foster under the clear and convincing standard); Price, supra, *Page 4 
at ¶ 14 (stating an appellate court may take any action authorized by the statutory language if it clearly and convincingly finds the sentence is otherwise contrary to law).
 {¶ 7} Within those parameters, defendant acknowledges the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, excised portions of the law requiring trial courts to set forth findings and reasons for imposing consecutive sentences. Defendant also properly notes a trial court still must consider R.C. 2929.11 and 2929.12 in sentencing offenders. See Foster, supra. Defendant observes that R.C. 2929.11(A) provides the trial court shall be guided by the "overriding purposes of felony sentencing": the need "to protect the public from future crime by the offender and others and to punish the offender." Similarly, defendant points out that R.C. 2929.11(B) requires that a felony sentence "be reasonably calculated to achieve the purposes set forth [under R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Lastly, defendant notes R.C. 2929.12 sets forth factors concerning the seriousness of the crime and recidivism factors.
 {¶ 8} In that context, defendant contends the trial court failed to comply with the requisites of Foster in that it did not consider the factors set forth in R.C. 2929.11 and 2929.12. Contrary to defendant's contentions, the trial court's sentencing entry states "[t]he Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." Moreover, although the trial court's judgment entry does not delve into greater detail, the sentencing hearing transcript reveals the thoroughness of the trial court's sentencing under the statutory parameters. *Page 5 
 {¶ 9} At the sentencing hearing, the trial court noted it first must consider the seriousness of the offense. After explaining the serious physical, psychological, and economic harm the victims in this case sustained, the court observed that the evidence presented no rationale for defendant's actions. The court specifically pointed out that defendant ran 50 to 60 feet chasing two unarmed men, killing one and physically injuring the other, all with no apparent provocation. The court concluded defendant had no respect for life.
 {¶ 10} The trial court then addressed the recidivism factors under R.C. 2929.12(B), focusing in particular on defendant's lack of sympathy for the ramifications of his actions on his family and defendant's lack of remorse through a large part of the trial. The court specifically stated that concerning the "[f]actors toward the likelihood of not re-offending or recidivism, I didn't think any of those have been met. I pondered each and every one of them at length." (Tr. 280-281.) The court concluded its explanation by stating, "the thing that a lot of people don't understand, Mr. Chilton, I take this job very seriously. And I spent a lot of hours after I left this courtroom last night going through the exhibits. * * * I went through everything trying to figure out what I could do with you to be fair with everybody in the world." Id. at 281.
 {¶ 11} Defendant next contends the trial court failed to consider defendant's age in sentencing him to a prison term for 28 years to life. The trial court, however, specifically addressed defendant's age, explaining that "in this job, I see murderers all the time. And on the scale of it, you are the top end. Mr. Washington and Mr. Strickland are the only ones I would say were worse than what you did." (Tr. 282.) The court put its remarks in context in further stating, "[y]ou know there was no justification for this. * * * And on that *Page 6 
sliding scale, those gentlemen, I gave them thirties. You're still young. That is one of the benefits you have that kept you off of the higher numbers. 28 will make you 35 [sic] years old when you come out. Maybe with that you can do something and turn it around." (Tr. 282-283.)
 {¶ 12} Lastly, defendant contends the court erred in utilizing the excised portions of R.C. 2929.14. Foster, supra. The court, however, did not claim to rely on the excised provisions of R.C. 2929.14(E) that the Ohio Supreme Court declared unconstitutional in Foster. Rather, the court stated it weighed the applicable provisions of R.C. 2929.13 and2929.14. Each of those statutes has provisions that remain relevant to sentencing, despite Foster. For example, R.C. 2929.13 allows a court to impose upon felony offenders the sentences provided in R.C. 2929.14 to2929.18; R.C. 2929.14, in turn, sets forth the range of prison terms a court may impose. In view of those provisions, we cannot interpret the general language in the trial court's judgment entry to suggest the trial court applied the excised portions of either statute.
 {¶ 13} In the final analysis, the record points to no clear and convincing evidence that the sentence is contrary to law. Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 PETREE and BROWN, JJ., concur. *Page 1