OPINION JUDGMENT ENTRY
{¶ 1} On July 5, 2002, the Licking County Grand Jury indicted appellant, David Kendall, on two counts of insurance fraud in violation of R.C. 2913.47, two counts of tampering with records in violation of R.C. 2913.42, two counts of falsification in violation of R.C. 2921.13, one count of theft in office in violation of R.C. 2921.41 and one count of unauthorized use of property in violation of R.C. 2913.04. Said charges arose from the apparent theft and subsequent insurance claims regarding a vehicle owned by appellant and a motorcycle owned by one Matthew Hoffer. At the time of the offenses, appellant was a police officer with the City of Heath Police Department.
 {¶ 2} On October 30, 2002, appellant pled guilty to one count each of insurance fraud, tampering with evidence and falsification. The remaining counts were tried before a jury. The jury found appellant guilty of the remaining charges except for the second counts of falsification and insurance fraud. By judgment entries filed November 7, 2002, the trial court sentenced appellant to an aggregate term of one year on the three counts he pled guilty to, and an aggregate term of one year on the three counts the jury found him guilty of, to be served consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court committed harmful error in sentencing the defendant-appellant to consecutive sentences herein."
 I {¶ 5} Appellant claims the trial court erred in ordering the two aggregate one year terms to be served consecutively. We disagree.
 {¶ 6} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Appellant pled guilty to one count in the third degree and two counts in the fourth degree. Pursuant to R.C.2929.14(A)(3) and (4), felonies of the third degree are punishable by "one, two, three, four, or five years" and felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." The jury found appellant guilty of three counts in the fifth degree, punishable by "six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). By judgment entries filed November 7, 2002, the trial court sentenced appellant to an aggregate term of one year on the three counts he pled guilty to, and an aggregate term of one year on the three counts the jury found him guilty of, to be served consecutively.
 {¶ 12} Appellant argues the trial court erred in ordering the aggregate sentences to be served consecutively.
 {¶ 13} R.C. 2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 14} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 15} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 16} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 17} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 18} R.C. 2929.19(B)(2)(c) states the following:
 {¶ 19} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 20} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 21} In sentencing appellant to consecutive sentences, the trial court noted appellant's approximate ten year law enforcement career:
 {¶ 22} "You held a position of trust. The position of trust you held related to the fact that you were to prevent this from happening, rather than either encouraging, assisting, aiding or abetting the commission of these crimes. You also had an obligation to prevent the crimes from occurring. You had an obligation to bring those people who were involved with you in this matter, to bring them to justice. You had a professional reputation. You held a professional position in the community. And instead of using any and all of that, you used it to facilitate the commission of the offenses. And I cannot say based upon what I have before me now that I am convinced that you would not be likely to influence future conduct later.
 {¶ 23} "* * *
 {¶ 24} "Having sentenced the defendant to consecutive sentences, that is one, two and three are concurrent but consecutive with four, five, and eight concurrent sentence. The Court finds that the harm was so great and unusual based upon the defendant's position of trust, that no single prison term could adequately reflect the seriousness of the defendant's conduct. And as specifically stated before, these are two separate incidents and as the prosecutor stated, separated by several months at a time." November 1, 2002 T. at 19 and 23.
 {¶ 25} Appellant argues the trial court's findings do not conform to the dictates of State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph one of the syllabus, wherein the Supreme Court of Ohio held, "Pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." We disagree. Upon review of the sentencing transcript in toto, we find the trial court's findings and reasons were sufficient under R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) to justify the consecutive nature of the sentences.
 {¶ 26} The sole assignment of error is denied.
 {¶ 27} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J. and Wise, J., concur.
Hoffman, P.J. concurs separately.