OPINION
{¶ 1} Appellant Jon Marquis appeals from his felony sentences for theft and passing bad checks, in the Court of Common Pleas, Stark County. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 22, 2003, appellant was arrested on several active warrants. He was subsequently indicted by the Stark County Grand Jury on the following counts, respectively: two counts of theft from an elderly or disabled person (F3), one count of theft (F4), two counts of passing bad checks (F5), and one count of misdemeanor passing bad checks (M1). On February 23, 2004, appellant entered pleas of guilty to all six counts in the aforesaid indictment.
 {¶ 3} On April 5, 2004, appellant appeared before the court for sentencing. Appellant was given an opportunity to make a statement to the court regarding sentencing, and the court reviewed his presentence investigation. Ultimately, appellant was sentenced to four years in prison on counts one and two, eighteen months on count three, one year on counts four and five (which were merged for sentencing purposes) and one-hundred eighty days on count six. Counts one through three were to run consecutive to each other, consecutive to counts four and five, and concurrent with count six. The total prison term was thus ten and one-half years. Appellant was also ordered to pay restitution.
 {¶ 4} Appellant timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 5} "I. The trial court abused its discretion and violated statutory sentencing guidelines in imposing consecutive sentences, non-minimum sentences, and maximum sentences upon the appellant."
 I. {¶ 6} In his sole Assignment of Error, appellant contends that the trial court erred in imposing consecutive sentences (counts one, two, and three), non-minimum prison terms for a felonies of the fourth or fifth degree (counts three, four, and five), and maximum sentences (counts three, four, and five). We disagree.
 Standard of Review {¶ 7} Pursuant to the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a sentence is set forth in R.C. 2953.08. Specifically, 2953.08(A) presently reads:
 {¶ 8} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 9} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 10} "(a) The sentence was imposed for only one offense.
 {¶ 11} "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 {¶ 12} "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13
of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 {¶ 13} "(3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(3) of section 2971.03
of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, `sexually violent offense' and `sexually violent predator' have the same meanings as in section 2971.01 of the Revised Code.
 {¶ 14} "(4) The sentence is contrary to law.
 {¶ 15} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(b) of section 2929.14 of the Revised Code.
 {¶ 16} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."
 {¶ 17} Additionally, pursuant to State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, and its progeny, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing when imposing consecutive or maximum sentences.
 Consecutive Sentences {¶ 18} Appellant first challenges the imposition of consecutive sentences as to the two counts of theft of an elderly or disabled person and the single count of theft.
 {¶ 19} R.C. 2929.14(E)(4) provides:
 {¶ 20} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 21} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 22} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 23} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 24} In the case sub judice, the trial court made findings under R.C. 2929.14(E)(4), including findings under subsection (a), (b), and (c). Tr. at 12-15. The court found that consecutive terms would be necessary to protect the public from future crimes by appellant, and that such terms would not be disproportionate "to the harm done." Tr. at 14-15. The court noted that one victim, a 72-year-old woman, was scammed out of $10,000, and was forced to go back to work to try to recover from her financial loss. Tr. at 8. The court further noted that the second victim, a man who lost $15,000, was disabled and on a fixed income, as was the third victim, a 57-year-old man, who was conned out of nearly $8,000. The court otherwise stated that appellant had "committed the worst form of this offense because of the age of the individuals, because of their [sic] physical disabilities of these individuals, and because of [appellant's] repeated attempts to swindle people out of their hard-earned money."[1] Tr. at 14. Appellant specifically challenges the court's statement pursuant to R.C. 2929.14(E)(4)(a) that appellant had been "arrested in Pennsylvania for the same thing, so that's a factor." Tr. at 12. Upon review, however, we hold the trial court sufficiently stated its findings and reasons under R.C. 2929.14(E)(4), and we conclude appellant has failed to demonstrate a reversible consecutive sentence error under the circumstances of this case.
 Fourth and Fifth Degree Felonies; More than Minimum Terms {¶ 25} R.C. 2929.13 reads in pertinent part as follows:
 {¶ 26} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 27} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 28} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 29} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 30} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 31} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 32} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 {¶ 33} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 34} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 35} "(i) The offender committed the offense while in possession of a firearm.
 {¶ 36} "(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 {¶ 37} "(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
 {¶ 38} Our review of the sentencing hearing transcript in the case sub judice reveals no specific findings under R.C. 2929.13(B)(1)(a) through (i), supra. However, "[w]hen neither prison nor community control is specifically mandated, (i.e., when no combination of the R.C.2929.13(B)(2)(a) factors or the R.C. 2929.13(B)(2)(b) factors exists) the trial court should exercise sentencing discretion similar to that provided for third degree felonies in R.C. 2929.13(C)." State v. Baird,
Hocking App. No. 02CA24, 2003-Ohio-1055, citing State v. Stanley (Nov. 18, 1998), Meigs App. No. 7CA21, citing Griffin Katz, Ohio Felony Sentencing Law (1996-1997) 388-89, Section 6.13; State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121. In such a situation, the trial court should comply with the purposes and principles of sentencing under R.C.2929.11 and should consider the seriousness and recidivism factors set forth in R.C. 2929.12 to determine whether to impose a term of imprisonment or community control sanctions. Id., citations omitted. Accordingly, although a prison sentence in the case sub judice was not mandated per R.C. 2929.13(B)(2)(a), pursuant to the rationale of Baird,
supra, we find the court otherwise duly considered the R.C. 2929.11 and2929.12 factors in issuing sentences on the fourth and fifth degree felonies at issue. Therefore, we find insufficient grounds to reduce or modify said sentences, or to vacate and remand for resentencing. See R.C. 2953.08(G)(2).
 {¶ 39} In addition, R.C. 2929.14(B) requires the sentencing court to consider the minimum prison term, if the offender was not in prison at the time of the offense, or has not previously served a prison term, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B) does not require the trial court to give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v.Carter, Coshocton App. No. 04CA8, 2004-Ohio-6365, ¶ 22, citing State v.Edmonson, 86 Ohio St.3d 324, syllabus, 1999-Ohio-110. Appellant herein suggests his "more than the minimum" sentences are reversible; however, we find the trial complied with R.C. 2929.14(B) in this regard. See Tr. at 11.
 {¶ 40} Accordingly, we find no merit in appellant's claim that the trial court erroneously sentenced him to prison terms for the fourth and fifth degree counts, or to "more than minimum" terms on all of the felonies.
 Maximum Sentences {¶ 41} Appellant finally challenges the court's imposition of statutory maximum felony sentences on counts three, four, and five.[2]
In order to modify or vacate a maximum sentence on appeal, an appellant bears the burden of demonstrating, by clear and convincing evidence, that the trial court erred in imposing the maximum sentence. See State v.Johnson, Washington App. No. 01CA5, 2002-Ohio-2576, citing Griffin 
Katz, Ohio Felony Sentencing Law (2001 Ed.) 725, § T 9.16.
 {¶ 42} R.C. 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence: "(C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." We read this statute in the disjunctive. See State v. Comersford (June 3, 1999), Delaware App. No. 98CA01004. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply. Additionally, a trial court must state its reasons supporting an R.C.2929.14(C) maximum sentence finding. R.C. 2929.19(B)(2)(d).
 {¶ 43} In the case sub judice, the court stated at the sentencing hearing that "I certainly find under 2929.14(C) that you pose a great likelihood of committing future crimes, not only in this area but in other areas as well. So I find that the far end of the scale is appropriate." Tr. at 14. The court made reference to appellant's lengthy history of criminal offenses, including burglary, rape, assault, public indecency, and DUI. Tr. at 5. The court also referenced the multi-state nature of appellant's criminal history, including crimes in Pennsylvania and outstanding warrants in Indiana. Tr. at 5-6. The court indicated that the presentence investigation revealed "a tremendous lack of remorse," adding: "Mr. Marquis, you are a con artist. You are a convict, you are a con artist, and you spend your time since 1957 preying on other people, abusing other people * * *." Tr. at 7.
 {¶ 44} Based on the foregoing, we hold the trial court sufficiently stated its findings and reasons under R.C. 2929.14(C), and we conclude appellant has failed to demonstrate a reversible maximum sentence error under the circumstances of this case.
 {¶ 45} In summary, we hold the trial court did not err in imposing consecutive sentences as to the first three theft counts, in imposing prison terms for felonies of the fourth and fifth degree, in imposing more than minimum sentences, and in imposing maximum sentences as to counts three, four, and five.
 {¶ 46} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 47} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.
[1] This conclusion was technically made in connection with R.C.2929.14(C), but we find it appropriate to recite at this juncture.
[2] We note appellant did not receive the maximum five-year sentences for felonies of the third degree under counts one and two.