{¶ 49} I concur in the majority's analysis and disposition of appellant's first, second, third and fifth assignments of error. However, I respectfully dissent from the majority's analysis and disposition of appellant's fourth assignment of error.
 {¶ 50} I disagree with the majority's conclusion the trial court's finding more than the minimum term is necessary to protect the public required by R.C. 2929.14(B) also satisfies making the same finding as it pertains to consecutive sentences required by R.C. 2929.14(E). (See Maj. Op., FN 1, p. 9). Accordingly, I disagree with this Court's decision inState v. Marquis, Stark App. No. 2004-CA-00119, 2005-Ohio-1063.
 {¶ 51} I do agree the trial court failed to make the "non-disproportionate" finding required by R.C. 2929.14(E). Nevertheless, because I find the trial court stated significant reasons to support a "non-disproportionate" finding [and also a "necessary to protect the public" finding] and because appellant did not object to the trial court's failure to make this [these] specific finding(s),[2] I would find the assigned error waived for the reasons set forth in my concurring opinion in State v. Kendall, Licking App. No. 2003-CA-00075, 2004-Ohio-3768.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part, reversed in part and remanded to the trial court for resentencing.
Costs to be split evenly between appellant and the State of Ohio.
[2] Appellant objected only to the trial court's finding appellant had previously served a prison term. A finding regarding a prior prison term is not required to be made before consecutive sentences can be imposed under R.C. 2929.14(E).