OPINION
{¶ 1} Appellant Jeffrey Ossman, pursuant to this Court's partial grant of his motion to reopen, appeals the decision of the Court of Common Pleas, Licking County, following his conviction for burglary, a felony of the second degree. The Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the afternoon of January 2, 2002, Craig Sturtz returned to his home near Pataskala and observed a man with long black/gray hair and wearing a military-style parka, hiding next to the house. The man, which appellant later identified at trial as appellant, eventually ran to his pickup truck and sped away. During this encounter, Sturtz was able to observe his yellow toolbox in the truck, and made a note of the license number. Licking County Sheriff's deputies thereafter effectuated a warrantless entry of appellant's residence and arrested him.
 {¶ 3} On January 10, 2002, appellant was indicted by the Licking County Grand Jury on one count of burglary. Appellant thereafter unsuccessfully attempted to suppress the physical evidence obtained and any statements made as a result of a police search of his residence on the night of the burglary. Appellant then changed his plea to no contest, and was found guilty of burglary. Appellant appealed to this Court regarding the denial of his motion to suppress. We reversed the decision of the trial court. See State v. Ossman, Licking App. No. 02 CA 65, 2002-Ohio-6411.
 {¶ 4} Upon remand to the trial court, appellant reentered his original plea of not guilty. The matter proceeded to a jury trial on April 24, 2003. This resulted in a hung jury. A second jury trial was conducted on September 23, 2003. Appellant was thereupon found guilty of burglary, and sentenced to seven years in prison.
 {¶ 5} Appellant again appealed, asserting errors regarding speedy trial, suppression of his identification by the victim, and manifest weight/sufficiency of the evidence. On August 16, 2004, this Court affirmed his conviction and sentence. See Statev. Ossman, Licking App. No. 03-CA-92, 2004-Ohio-4302.
 {¶ 6} On November 10, 2004, appellant filed a motion to reopen his appeal, pursuant to App.R. 26(B). We granted the motion in part on April 28, 2005, limiting the reopened appeal toComer/consecutive sentence issues and jail time credit calculation. Appellant herein raises the following two Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY IMPOSING SENTENCE CONTRARY TO STATUTE.
 {¶ 8} "II. THE TRIAL COURT ERRED IN ITS CALCULATION OF JAIL TIME CREDIT."
 I. {¶ 9} In his First Assignment of Error, appellant contends the trial court failed to properly state its basis for imposing consecutive sentences. We disagree.
 {¶ 10} R.C. 2929.14(E)(4) provides:
 {¶ 11} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 12} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 13} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 15} In State v. Comer, 99 Ohio St.3d 463,793 N.E.2d 473, 2003-Ohio-4165, paragraph one of the syllabus, the Ohio Supreme Court held: "Pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 16} In the case sub judice, the trial court made the following oral findings under R.C. 2929.14(E)(4):
 {¶ 17} "It would appear to me then the sentence in this case to protect the public and punish you — and the 2-year sentence certainly isn't fair on your, wherever you are on your history here — I'll impose a 7-year sentence in the state penitentiary, Mr. Ossman, and find not disproportionate to the conduct and to the danger you pose to us, and your criminal history shows that consecutive sentences are needed. I'll order that consecutive to any sentence you are currently serving." Tr. at 219.
 {¶ 18} The court also recognized "* * * Mr. Ossman's history of criminal convictions, delinquency adjudications, criminal history as outlined by the Prosecutor, which contains criminal histories from six separate states, New York, Florida, California, Texas, Ohio and Washington dating back from 1974, through the `70s, `80s and `90s arrests. Some I can't tell what they are convictions for. But, clearly this is your career here. Your way of making a living. Obviously, based upon your history of arrests over the last 25 years, it doesn't appear you responded favorably to sanctions previously imposed." Tr. at 218-219.[1]
 {¶ 19} Upon review, we find the trial court set forth sufficient findings and reasons to support appellant's consecutive sentence pursuant to Comer. Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 20} In his Second Assignment of Error, appellant argues he was not properly awarded jail time credit in his original sentence. However, on April 7, 2005, subsequent to appellant's motion to reopen the appeal, the trial court filed a judgment entry correcting the number of days of jail time credit. Accordingly, appellant's Second Assignment of Error is overruled as moot.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, P.J. Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs to appellant.
[1] While these reasons were technically stated in connection with the recidivism considerations of R.C. 2929.12(B), we find they were also appropriately rendered under R.C. 2929.14(E)(4). Cf. State v. Marquis, Stark App. No. 2004CA00119,2005-Ohio-1063, ¶ 24.