[Cite as *State v. Ossman*, 2011-Ohio-782.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2010 CA 0062 |
| JEFFREY W. OSSMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County Court of
                                                        Common Pleas, Case No. 02-CR-0016


JUDGMENT:                                      AFFIRMED


DATE OF JUDGMENT ENTRY:          February 10, 2011


APPEARANCES:

For Appellant:                                    For Appellee:

ROBERT C. BANNERMAN                 KENNETH W. OSWALT
P.O. Box 77466                                  LICKING COUNTY PROSECUTOR
Columbus, OH 43207-0098
                                                         BRIAN T. WALTZ
                                                         20 S. Second St., 4th Floor
                                                         Newark, OH 43055

*Delaney, J.*

{¶1}   Defendant-Appellant, Jeffrey W. Ossman, appeals the June 2, 2010 nunc pro tunc sentencing entry of the Licking County Court of Common Pleas.

## STATEMENT OF THE CASE[1]

{¶2}   On or about January 22, 2002, Appellant was indicted on one count of Burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree.  The matter went to trial and a jury found Appellant guilty of the charge of Burglary.

{¶3}   On September 23, 2003, the trial court sentenced Appellant to seven years in prison.  Appellant's end of term was June 23, 2010.  The trial court failed to advise Appellant that pursuant to R.C. 2967.28(B)(2), post release control in this case was mandatory for a period of three years.

{¶4}   Appellant appealed his conviction and sentence in *State v. Ossman*, Licking App. No. 03 CA 92, 2006-Ohio-720.  This Court affirmed Appellant's conviction and sentence.

{¶5}   On May 5, 2010, the Board of Sentence Computation notified the trial court that it did not state in the September 23, 2003 sentencing entry that Appellant was subject to a mandatory three-year term of post release control.  On that same day, the State filed a motion requesting that the trial court resentence Appellant pursuant to R.C. 2929.191.  The trial court granted the motion and the matter was heard on June 2, 2010.  Appellant was appointed counsel to represent him at the hearing.  At the hearing, Appellant asked if he was being resentenced pursuant to R.C. 2929.191.

---

[1] The recitation of the underlying facts is unnecessary for the disposition of this appeal.

{¶6}   The nunc pro tunc sentencing entry was filed on June 2, 2010.  The trial court reimposed Appellant's seven-year prison term.  The trial court further notified Appellant that a three-year term of post release control was mandatory in this case.

{¶7}   It is from this decision Appellant now appeals.

{¶8}   Appellant raises two Assignments of Error:

{¶9}    "I. IMPOSITION OF POST-RELEASE CONTROL UPON APPELLANT IN ACCORDANCE WITH R.C. 2929.191 WAS IN VIOLATION OF OHIO LAW.

{¶10} "II.   APPELLANT   RECEIVED   INEFFECTIVE   ASSISTANCE   OF COUNSEL."

**I.**

{¶11} Appellant argues in his first Assignment of Error that the trial court improperly resentenced Appellant pursuant to R.C. 2929.191.  We disagree.

{¶12} Appellant relies upon the holding in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, for the proposition that, "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose post release control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio."  Id., paragraph one of syllabus.  The Court went on to hold that for criminal sentences imposed on or after July 11, 2006, the trial courts shall apply the procedures set forth in R.C. 2929.191.  Id., paragraph two of the syllabus.

{¶13} Because Appellant was sentenced on September 23, 2003, Appellant argues that the trial court could not use the procedures set forth in R.C. 2929.191 when resentencing Appellant; i.e. the trial court could not conduct a limited resentencing

hearing to add the missing post release control language. The trial court should have conducted a de novo sentencing hearing in accordance with the past decisions of the Ohio Supreme Court on the issue of post release control.

{¶14} R.C. 2929.191, enacted as part of H.B. 137, provided a statutory remedy to correct the failure of the trial court to properly impose post release control. *Singleton*, ¶ 23. The statute became effective on July 11, 2006 and in *Singleton*, the Court found that R.C. 2929.191 had no retrospective application. Id. at ¶ 26.

{¶15} In *Singleton*, the Supreme Court cited *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, as one of the progeny of cases that conferred the requirement of conducting a de novo sentencing hearing to correct a sentence that failed to properly impose post release control. Id. at ¶ 17. The Supreme Court recently examined *State v. Bezak* and limited its application in *State v. Fischer*, -- Ohio.St.3d --, 2010-Ohio-6238, -- N.E.2d --, decided on December 23, 2010 while the instant appeal was pending before this Court.

{¶16} In *Fischer*, the defendant was sentenced in 2002 and the sentencing entry failed to properly advise the defendant of his post release control obligations. The defendant appealed his conviction and sentence, which were affirmed by the court of appeals. The defendant moved for a resentencing hearing several years later based on the authority of *Bezak*. At the resentencing hearing, the trial court properly notified the defendant of his post release control obligations and reimposed the remainder of the sentence. The defendant appealed, asserting that his original sentence was "void," so his first appeal was not valid and that the appeal of his resentencing was his "first appeal"; therefore, he could raise all issues relating to his conviction. The issue before

the Court then was whether the defendant's direct appeal of a resentencing ordered pursuant to *State v. Bezak* was a first appeal as of right. The Court found that it was not. Id. at ¶ 2-5.

{¶17} The Court stated that in *Bezak,* the majority found that when a court of appeals remanded the case for resentencing due to the failure to inform the defendant of post release control, the trial court was required to conduct a *new sentencing hearing in its entirety*, rather than a hearing limited to reimposing the original sentence with proper notice of post release control. (Emphasis added). *Fischer* at ¶ 12. *Fischer* overrules the *Bezak* requirement of a de novo sentencing hearing in paragraph two of the syllabus: "The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of post release control."

{¶18} A review of the record in the present case shows that the trial court held a resentencing hearing on June 2, 2010 and his resentencing hearing was properly limited to the issue of Appellant's post release control. We find the resentencing hearing to be in accordance with *Fischer* and therefore, no error occurred.

{¶19} Appellant's first Assignment of Error is overruled.

**II.**

{¶20} Appellant contends in his second Assignment of Error that the failure of Appellant's trial counsel to object to the resentencing hearing as being conducted pursuant to R.C. 2929.191 demonstrated ineffective assistance of counsel.

{¶21} Based upon our holding in Appellant's first Assignment of Error, we find the argument to be not well taken.

{¶22} Appellant's second Assignment of Error is overruled.

{¶23} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


PAD:kgb

[Cite as *State v. Ossman*, 2011-Ohio-782.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEFFREY W. OSSMAN | : | |
| | : | |
| | : | Case No. 2010 CA 0062 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER