The STATE of Ohio, Appellee,

v.

**ALVAREZ, Appellant.**

[Cite as *State v. Alvarez,* 154 Ohio App.3d 526, 2003-Ohio-5094.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19670.

Decided Sept. 26, 2003.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Natalia S. Harris, Assistant Prosecuting Attorney, for appellee.

Charles Bursey II, for appellant.

---

GRADY, Judge.

{¶ 1} Defendant, Santiago A. Alvarez, appeals from his conviction and sentence for unlawful sexual conduct with a minor, R.C. 2907.04(A), and his designation as a sexually oriented offender.

{¶ 2} Alvarez stood mute at his arraignment and a plea of not guilty was entered on his behalf by the court. Alvarez subsequently changed his plea to guilty, and a hearing on the plea was held on October 7, 2002. The court appointed a Spanish-speaking interpreter to assist the court in taking the plea. The court accepted Alvarez's guilty plea. On November 8, 2002, the court sentenced Alvarez to a one-year term of imprisonment and designated him a sexually oriented offender. Alvarez has appealed.

### FIRST ASSIGNMENT OF ERROR

{¶ 3} "Appellant Alvarez was denied effective assistance of counsel."

{¶ 4} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that, were it not for counsel's errors, the result of the trial would have been different. Id., *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶ 5} The transcript of the court's Crim.R. 11(C) plea colloquy with defendant shows that some of defendant's responses to the court's inquiries were made by him directly to the court while others were made by him to the court through the Spanish-speaking interpreter. With respect to those he made through the interpreter, and specifically to the court's inquiry whether Alvarez had been promised probation, wherein the transcript indicates that there was "(Extensive conversation between the interpreter and the defendant)" before Alvarez answered "No," Alvarez argues that the transcript cannot demonstrate that his guilty plea was knowing, intelligent, and voluntary. On that basis, Alvarez argues, his trial counsel's performance was deficient because counsel failed to request a record memorializing the conversations in Spanish between Alvarez and the interpreter.

{¶ 6} This contention assumes that there was some defect in what the interpreter said to Alvarez in repeating the court's words and/or what Alvarez said in response and the interpreter reported to the court. That assumption is unwarranted and certainly cannot be used to bootstrap a claim that Alvarez's guilty plea was not knowing, intelligent, and voluntary as a result. In any event, the thrust of Alvarez's argument underlying his ineffective-assistance-of-counsel claim is not that his plea was defective but that the record is insufficient to show that it was done correctly. We do not agree.

{¶ 7} Courts of common pleas are authorized by R.C. 2301.12(A) to employ "[a] court interpreter, who shall take an oath of office, hold his position at the will and under the direction of the court, interpret the testimony of witnesses, translate any writing necessary to be translated in court, or in a cause therein, and perform such other services as are required by the court." The interpreter may not give his own conclusions with respect to the answers of a witness, but should give a literal interpretation of the language employed by the witness. *State v. Rodriguez* (1959), 110 Ohio App. 307, 13 O.O.2d 79, 169 N.E.2d 444.

{¶ 8} Writing for this court in *State v. Pina* (1975), 49 Ohio App.2d 394, 3 O.O.3d 457, 361 N.E.2d 262, Judge McBride stated:

{¶ 9} "If a witness does not understand English, an interpreter will be sworn to interpret the oath to him and his testimony to the court. 56 Ohio Jurisprudence 2d 516, Witnesses, Section 86; 172 A.L.R. 923. An interpreter is considered and must be sworn as any other witness. While the manner of eliciting the testimony of the witness through an interpreter is within the discretion of the trial court, the proper method is not to address the question to the interpreter but to the witness. The question is then repeated by the interpreter without any remarks of his own, and the answers must be repeated literally by the interpreter in the first person. The interpreter should give the answer, and the whole answer of the witness, adding nothing to it. 58 American Jurisprudence 309, Witnesses,

Section 556. The interpreter as well as the witness is subject to cross-examination on the terms and expressions used. 58 American Jurisprudence 365, Witnesses, Section 662. To the same effect is 98 Corpus Juris Secundum 27, Witnesses, Section 326. While considerable latitude exists as to the method of translation and the refusal of the court to obtain a full translation of the answers of the witness may not necessarily constitute a fatal error, when a plea of guilty is accepted in a criminal case it is our opinion that it is prejudicial error not to require a translation and record of what the defendant says or to accept the conclusion of the interpreter that the message of the court has been conveyed, the defendant understands and pleads guilty. Under the latter perfunctory method, there is no way by which the court can personally address the defendant and no possibility that the court can find or be factually assured that the defendant understands and knowingly waives and pleads guilty." Id. at 398, 3 O.O.3d 457, 361 N.E.2d 262.

■ {¶ 10} Here, the court put the reporter it had appointed under oath and charged her to "translate accurately all that the Court will state to Mr. Alvarez and he to the Court." The interpreter replied that she would. There is no basis to believe that she did not, and the interpreter's responses on Alvarez's behalf serve as a record of his responses. Unlike *Pina*, the interpreter's responses repeated the defendant's own words, not the interpreter's narrative conclusions about the defendant's knowledge and understanding of the matters the court's inquiries involved. There is no further requirement that the intervening conversations between them in Spanish must also be memorialized, if that is even possible, and certainly not to overcome speculation that the interpreter failed to do her job correctly. If that happened, then any prejudice Alvarez suffered must be taken up and presented in an R.C. 2953.21 petition for post-conviction relief. No prejudice is shown on this record.

{¶ 11} As a final matter, it is questionable whether Alvarez's counsel even had a duty to request a more complete transcript memorializing Alvarez's conversations with the interpreter. The interpreter works under the direction of the court, not a defendant or other witness. Therefore, it is not unreasonable for counsel, absent some specific problem, to rely on the court's control of the proceedings. No specific defect is shown here.

{¶ 12} The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

{¶ 13} "Appellant's sentence is contrary to law and unsupported by the record."

{¶ 14} Appellate review of sentences imposed for felony convictions is governed by R.C. 2953.08, which is jurisdictional. Paragraph (A) of that section specifies the particular grounds on which a defendant may seek appellate relief. Paragraph (G) states that the appellate court's "standard for review is not whether the sentencing court abused its discretion." In consequence of that, our review is limited to alleged errors in the procedures the trial court is required by statute to follow with respect to the offense, the defendant, and the sentence that was imposed.

{¶ 15} The state recommended that Alvarez receive community-control sanctions instead of term of imprisonment. On that basis, and because he is a first offender, Alvarez argues that the one-year prison sentence the court imposed is "unduly harsh and unsupported by the record."

{¶ 16} The sentencing court was not in any way bound by the state's recommendation. Alvarez points to no failure on the court's part with respect to the procedures the court was required to follow in order to impose this term of imprisonment for his offense. Defendant's contention, therefore, is that the trial court abused the discretion conferred on it, which is not a matter for which R.C. 2953.08(G) permits appellate review. See *State v. Kennedy* (Sept. 12, 2003), Montgomery App. No. 19635, 2003 WL 22110330. We are not disposed to review the statutory requirements the defendant's sentence implicates to determine whether they were satisfied, absent some specific contention in that regard in appellant's brief, reasons in support of the contentions, and citations to "the authorities, statutes, and parts of the record on which appellant relies." App. R.16(A)(7). None is presented here.

{¶ 17} The second assignment of error is overruled.

## Conclusion

{¶ 18} Having overruled the error assigned, we will affirm the judgment from which this appeal was taken.

Judgment affirmed.

BROGAN and WOLFF, JJ., concur.