OPINION
{¶ 1} Defendant, Lovill Lofton, appeals from his conviction and sentence for raping his daughter, L.B.
 {¶ 2} On or about November 7, 2002, L.B. loaned her car to Defendant. Following a night of heavy drinking, having consumed approximately twenty four beers, Defendant returned to L.B.'s residence at around 3:00 a.m. Using L.B.'s keys to enter her residence, Defendant entered L.B.'s bedroom, got into bed with her, and proceeded to forcibly rape L.B. According to Defendant, he did not realize the victim was not his girlfriend but his daughter due to his level of intoxication.
 {¶ 3} Defendant was indicted on one count of Aggravated Burglary, R.C. 2911.11(A)(1), and one count of Rape, R.C. 2907.02(A)(2). Following a jury trial Defendant was found not guilty of aggravated burglary but guilty of rape. The trial court sentenced Defendant to eight years imprisonment and designated him a sexually oriented offender.
 {¶ 4} Defendant has timely appealed to this court from his conviction and sentence. On appeal Defendant challenges only his sentence, not his conviction or his sexual offender classification.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "Appellant's sentence is contrary to the law and unsupported by the record."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "The record does not demonstrate that the court gave adequate consideration to applicable statutory guidelines when imposing appellant's sentence."
 {¶ 7} Defendant was found guilty of rape in violation of R.C.2907.02(A)(2). That offense is a felony of the first degree for which the trial court must impose a definite prison term of three, four, five, six, seven, eight, nine or ten years. R.C. 2929.13(D); R.C. 2929.14(A)(1). The trial court sentenced Defendant to eight years imprisonment, which is within the permissible sentencing range. Before imposing sentence the trial court indicated on the record that it had considered the purposes and principles of felony sentencing in R.C. 2929.11, the presentence investigation report, and the seriousness and recidivism factors in R.C.2929.12.
 {¶ 8} The appellate jurisdiction of the courts of appeals is determined by statute. Article IV, Section (B)(2), Ohio Constitution. That jurisdiction with respect to review of criminal sentences is set out in R.C. 2953.08.
 {¶ 9} R.C. 2953.08(A)(1)-(6) specifies the particular grounds on which a defendant may seek appellate review of his or her sentence. Paragraph (G)(1) of that section authorizes a remand when statutorily-required findings were not made by the trial court. Paragraph (G)(2) authorizes the appellate court to "increase, reduce, or otherwise modify a sentence that is appealed under this section or [to] vacate the sentence and remand the matter to the sentencing court for resentencing."Id. That section further provides that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." In consequence of that, our review is limited to alleged errors in the procedures the trial court is required by statute to follow with respect to the offense, the defendant, and the sentence that was imposed. Statev. Kennedy (Sept. 12, 2003), Montgomery App. No. 19635, 2003-Ohio-4844;State v. Alvarez (Sept. 26, 2003), Montgomery App. No. 19670,2003-Ohio-5094.
 {¶ 10} R.C. 2953.08(G)(2) specifies that the appellate court can order the relief that section authorizes only if the appellate court "clearly and convincingly finds" one or both of the alternative grounds listed in (a) and (b). Subsection (a) involves certain statutory prescriptions that are either not involved in this case or which Defendant's contentions don't implicate. Subsection (b) is "that the sentence is contrary to law."
 {¶ 11} That a sentence is "contrary to law" is one of the grounds on which a defendant may seek appellate review of his or her sentence. R.C. 2953.08(A)(4). That does not include abuse of discretion claims, however, because R.C. 2953.08(G)(2) expressly deprives appellate courts of an abuse of discretion standard of review. Kennedy, supra. Rather, "contrary to law" means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffin and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 "Where a sentencing court fails to make findings required in R.C. 2929.13 or R.C.2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law." Id., at p. 779, citing State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.Kennedy, supra.
 {¶ 12} Defendant's contentions involve none of those things. Neither does it involve any of the other grounds for appeal set out in R.C. 2953.08(A). Instead, Defendant argues that there were a number of factors in this case, including his age, his lack of mental illness, his remorsefulness, his lack of any previous convictions for sexual offenses, and the fact that Defendant did not use drugs or alcohol to impair the victim and did not cause physical injury to the victim, that weigh against the lengthy sentence the trial court imposed. Defendant also argues that it would have been appropriate for the trial court to provide a more detailed account on the record of its analysis of the statutory sentencing factors.
 {¶ 13} Defendant does not argue that the trial court failed to make specific findings required by R.C. 2929.13 or R.C. 2929.14, or failed to consider the seriousness and recidivism factors or engage in the analysis required by R.C. 2929.12. Defendant points to no failure on the part of the trial court to comply with any specific procedure the court was required to follow in order to impose the sentence it selected. Defendant merely argues that the trial court was wrong in the conclusion that it reached, given the evidence in this case: in other words, that the sentence was too harsh and unsupported by the record. That is, essentially, an abuse of discretion claim which is not a proper ground for appeal, R.C. 2953.08(A), or a matter for which R.C. 2953.08(G) permits appellate review. Kennedy, supra; Alvarez, supra.
 {¶ 14} We are not disposed to review the other statutory requirements implicated by the Defendant's sentence in order to determine whether they were satisfied, absent some specific contention in that regard in appellant's brief, reasons in support of the contentions, and citations to "the authorities, statues, and parts of the record on which appellant relies." App.R.16(A)(7). None are presented here. Alvarez,supra.
 {¶ 15} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Wolff, J., concur.