OPINION
{¶ 1} Defendant, Percy Cochran, appeals from his conviction and sentence for harassment by an inmate.
{¶ 2} On or about March 10, 2002, while confined in jail, Defendant threw feces and urine on a guard who was a police officer. As a result Defendant was indicted on one count of harassment by an inmate in violation of R.C. 2921.38(A). Defendant subsequently entered a plea of guilty to that offense, and the trial court sentenced him to a definite prison term of eleven months.
{¶ 3} Defendant has timely appealed to this court, challenging only the severity of his sentence.
 ASSIGNMENT OF ERROR
{¶ 4} "Appellant's sentence of eleven months confinement to the corrections reception center was excessive."
{¶ 5} R.C. 2921.38(A) is a fifth degree felony. The maximum sentence that may be imposed for that class of offense is a twelve-month term of incarceration. R.C. 2929.14(A)(5). Defendant claims that the eleven months sentence imposed by the trial court was excessive even though it was within the permissible sentencing range. In that regard, Defendant argues that the trial court should have been more lenient because of the time, effort and expense Defendant saved everyone including the State, the judge, the jury and the witnesses by pleading guilty instead of going to trial.
{¶ 6} In State v. Lofton (Jan. 16, 2004), Montgomery App. No. 19852, 2004-Ohio-169, this court stated:
{¶ 7} "{¶ 8} The appellate jurisdiction of the courts of appeals is determined by statute. Article IV, Section (B)(2), Ohio Constitution. That jurisdiction with respect to review of criminal sentences is set out in R.C. 2953.08.
{¶ 8} "{¶ 9} R.C. 2953.08(A)(1)-(6) specifies the particular grounds on which a defendant may seek appellate review of his or her sentence. Paragraph (G)(1) of that section authorizes a remand when statutorily-required findings were not made by the trial court. Paragraph (G)(2) authorizes the appellate court to `increase, reduce, or otherwise modify a sentence that is appealed under this section or [to] vacate the sentence and remand the matter to the sentencing court for resentencing.'Id. That section further provides that `[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.' In consequence of that, our review is limited to alleged errors in the procedures the trial court is required by statute to follow with respect to the offense, the defendant, and the sentence that was imposed. State v. Kennedy (Sept. 12, 2003), Montgomery App. No. 19635, 2003-Ohio-4844; State v.Alvarez (Sept. 26, 2003), Montgomery App. No. 19670,2003-Ohio-5094, 154 Ohio App.3d 526, 797 N.E.2d 1043.
{¶ 9} "{¶ 10} R.C. 2953.08(G)(2) specifies that the appellate court can order the relief that section authorizes only if the appellate court `clearly and convincingly finds' one or both of the alternative grounds listed in (a) and (b). Subsection (a) involves certain statutory prescriptions that are either not involved in this case or which Defendant's contentions don't implicate. Subsection (b) is `that the sentence is contrary to law.'
{¶ 10} "{¶ 11} That a sentence is `contrary to law' is one of the grounds on which a defendant may seek appellate review of his or her sentence. R.C. 2953.08(A)(4). That does not include abuse of discretion claims, however, because R.C. 2953.08(G)(2) expressly deprives appellate courts of an abuse of discretion standard of review. Kennedy, supra. Rather, `contrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffin and Katz, Ohio Felony Sentencing Law (2002 Ed.), §§ T 9.7 `Where a sentencing court fails to make findings required in R.C. 2929.13
or R.C. 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law.' Id., at p. 779, citing State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. Kennedy, supra."
{¶ 11} Defendant's contention in this case does not involve any of those things. Neither does it implicate any of the other grounds for appeal set out in R.C. 2953.08(A). Instead, Defendant merely argues that he should have received a lighter sentence because he saved everyone involved a lot of time, effort and money by pleading guilty rather than going to trial. Defendant's contention amounts to a claim that the sentence imposed was simply too harsh. That is, essentially, an abuse of discretion claim, which is not a proper ground for appeal of a sentence, R.C. 2953.08(A), or a matter for which R.C. 2953.08(G) permits appellate review. Lofton, supra.
{¶ 12} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Judgment affirmed.
Fain, P.J. and Young, J., concur.