OPINION
{¶ 1} Daniel Baker, Jr. is appealing the judgment of the Champaign County Common Pleas Court, which sentenced him to the maximum sentence for his offense.
 {¶ 2} On May 15, 2003, Baker was indicted on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and two counts of rape in violation of R.C. 2907.02(A)(1)(b). Initially, Baker entered pleas of not guilty. However, on the date for the hearing on his motion to suppress, a plea agreement was reached between the State and Baker. Pursuant to the agreement, Baker pled guilty to the two counts of rape in exchange for the State's dismissal of the two counts of gross sexual imposition. A pre-sentence investigation (hereinafter "PSI") was ordered, and on September 5, 2003, the trial court sentenced Baker to ten years of imprisonment on each count to be served concurrently. Baker has filed this appeal from that sentence.
 {¶ 3} Baker raises the following assignment of error:
 {¶ 4} "Appellant states that trial court erred in imposing the maximum sentence."
 {¶ 5} Baker argues that the trial court imposition of the maximum sentence upon him is contrary to the law. We disagree.
 {¶ 6} A maximum sentence may be appealed pursuant to R.C.2953.08(A) if it is contrary to law.
 {¶ 7} In determining whether a sentence is "contrary to law", we have defined that term as meaning:
 {¶ 8} "that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffen and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 `Where a sentencing court fails to make findings required in R.C. 2929.13
or 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law.' Id., at p. 779, citing State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110." State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169.
 {¶ 9} In regard to maximum sentences, R.C. 2929.14(C) permits a trial court to impose maximum sentences only upon those offenders who committed the worst form of the offense, offenders who pose the greatest likelihood of committing future crimes, certain major drug offenders, and upon certain repeat violent offenders. R.C. 2929.19(B)(2) requires that the trial court find that one of the scenarios listed in R.C. 2929.14(C) exists and give its reasons for selecting that sentence when the court imposes the maximum prison term allowed.
 {¶ 10} In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Ohio Supreme Court addressed the imposition of consecutive sentences, finding that trial court must state both the required statutory finding supporting the consecutive sentence and the reasons supporting such a finding at the sentencing hearing. Id. at ¶ 20. In regard to whether this requirement also applies to the length of sentence imposed, the Supreme Court held in Comer "that the rationale supporting our holding that findings and reasons must be given by the court before imposing consecutive sentences at the sentencing hearing applies with equal force to the length of sentences." Id. at ¶ 26. Therefore, when imposing a maximum sentence, the trial court must state orally at the sentencing hearing the statutorily required finding that supports the maximum sentence and its reasons supporting the finding.
 {¶ 11} At the sentencing hearing, the trial court made the following statements, explaining the imposition of the maximum sentence for Baker.
 {¶ 12} "Longest term is imposed because overall the Court believes the Defendant committed the [worst] form of the offenses given the relationship between the Defendant and the victim.
 {¶ 13} "The Court finds that the Defendant poses the greatest likelihood of committing future crimes.
 {¶ 14} "[The trial court then proceeded to make several findings about the severity of the underlying crime, noting that Baker physically harmed the victim in committing this sex offense and that he used his custodial relationship with the victim to facilitate the offense. Moreover, the trial court noted the victim's young age and mental condition and the psychological harm inflicted upon her as a result of Baker's actions.]
 {¶ 15} "The Court finds that the Defendant has a history of criminal convictions and juvenile delinquency. The Defendant has not responded [favorably] to sanctions previously imposed in adult and juvenile court.
 {¶ 16} "The Court finds that the Defendant shows no genuine remorse.
 {¶ 17} "The reasons for establishing the prison sentence more than — the prison sentence for the maximum sentence the Court finds that the facts established by the Defendant's conduct seriously outweigh the factors that show his conduct to be less serious.
 {¶ 18} "The Court finds that recidivism is clearly more likely, established by the facts and factors established by the Court.
 {¶ 19} "[The trial court then proceeded to summarize Baker's lengthy and violent criminal history. The trial court further noted that Baker's refusal to follow orders and his increasingly serious criminal record, created doubt about whether Baker is able to be rehabilitated.]
 {¶ 20} "The Court finds that the Defendant has made threats of physical violence against the victim and the victim's family.
 {¶ 21} "* * *
 {¶ 22} "The Court believes that Ohio Supreme Court requires to make all of these findings and that's the reasons for these findings at the time of the hearing rather than at a later time. The Court adopts the information presented by the Prosecutor here in Court." (Tr. 11-13.)
 {¶ 23} Previously in the sentencing hearing, the prosecutor had spoken regarding the PSI report submitted to the court. (Tr. 2-9.) Specifically, the prosecutor spoke of the victim's family's history of abuse, Baker's denial of his previous admissions of inappropriate sexual behavior, and Baker's mocking responses to the PSI. (Id. 2-5.) Moreover, the prosecutor reiterated Baker's threats of violence towards the victim's mother if she gives up custody of their child, despite the victim's mother's history of poor parenting and abuse. (Id. 3-5.) Additionally, the prosecutor reiterated Baker's lengthy criminal history, and in particular his history of violence and improper behavior with minors. (Id. 5-7.) The prosecutor stated that Baker had a high rate of recidivism due to his criminal history, his lack of remorse, and his mocking disdain for the system demonstrated by the PSI. (Id. 7-8.) As a result of his high recidivism rate, the prosecutor urged the court to impose a severe punishment, including consecutive sentences. (Id.)
 {¶ 24} Having reviewed the trial court's remarks, we find that the court complied with Comer. The trial court made the statutorily required findings, in particular that Baker committed the worst form of the offense and posed the greatest likelihood of committing future crimes. Additionally, the trial court gave its reasons for those findings, which were supported by clear and convincing evidence in the PSI. Thus, we can find no error in the trial court's imposition of the maximum sentence on Baker.
 {¶ 25} The judgment of the trial court is affirmed.
Fain, P.J. and Wolff, J., concur.