OPINION
{¶ 1} Defendant-appellant, Brian E. Legg, appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to concurrent prison terms of three years for a burglary conviction, and eleven months for theft and forgery convictions.
 {¶ 2} On June 30, 2003, the Franklin County Grand Jury indicted appellant on three counts of receiving stolen property, fifth-degree felonies, in violation of R.C. 2913.51; six counts of forgery, fifth-degree felonies, in violation of R.C. 2913.31; three counts of theft, fifth-degree felonies, in violation of R.C. 2913.02; and two counts of burglary, second-degree felonies, in violation of R.C. 2911.12.
 {¶ 3} In December 2003, appellant pled guilty to two counts of forgery, one count of theft, and one count of burglary. Appellant and plaintiff-appellee, the State of Ohio, recommended a presentence investigation report and a community based correctional facility ("CBCF") "referral evaluation."
 {¶ 4} The trial court held a sentencing hearing on February 6, 2004. Appellant's trial counsel stated that the CBCF evaluated appellant and accepted him for admission. Appellant asked to be placed in the CBCF so that he could undergo substance abuse treatment. Appellee recommended prison, noting that appellant has a criminal record, which includes concurrent prison terms for felony convictions of burglary and breaking and entering. The trial court rejected CBCF placement, and sentenced appellant to prison.
 {¶ 5} Subsequently, appellant filed a "Motion for Reconsideration of Sentence," renewing his request for CBCF placement. The trial court denied the motion.
 {¶ 6} Appellant appeals, raising one assignment of error:
The trial court erred in imposing a term of imprisonment in lieu of placing Appellant in the Community Based Correctional Facility (CBCF).
 {¶ 7} In his single assignment of error, appellant contends that the trial court erred by imposing a prison sentence despite the CBCF accepting him for admission. We disagree.
 {¶ 8} In support of his assignment of error, appellant first asserts that the trial court failed to consider the seriousness and recidivism factors outlined in R.C. 2929.12 when imposing the sentence. Appellee counters that we do not have jurisdiction to review appellant's sentence.
 {¶ 9} R.C. 2953.08 governs appellate review of felony sentences. A defendant may appeal a sentence that is "contrary to law." R.C.2953.08(A)(4). A sentence is "contrary to law" if the trial court: (1) failed to properly apply the felony sentencing guidelines; (2) failed to consider the appropriate statutory factors; (3) failed to make the requisite statutory findings and reasons supporting such findings; or (4) made findings and reasons devoid of evidentiary support. State v.Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7. Thus, we have jurisdiction to review appellant's claim that the trial court failed to properly consider R.C. 2929.12 when imposing the sentence.
 {¶ 10} R.C. 2929.12 requires the trial court to consider seriousness and recidivism factors outlined in R.C. 2929.12(B), (C), (D), and (E) to ensure a sentence complies with the overriding principles of felony sentencing. State v. Arnett (2000), 88 Ohio St.3d 208, 213. The trial court may also consider "any other factors that are relevant" to the principles of felony sentencing. R.C. 2929.12(A). A felony sentence must punish the offender and "protect the public from future crime by the offender and others." R.C. 2929.11(A). The felony sentencing guidelines do not require the trial court to use specific language or make specific findings on the record when considering the R.C. 2929.12 factors. Arnett
at 215. Rather, the trial court satisfies its duty under R.C. 2929.12
"with nothing more than a rote recitation" that it considered the applicable factors. Id.
 {¶ 11} Upon sentencing appellant, the trial court acknowledged appellant's criminal record and noted that appellant had been in prison "a couple of times." (Tr. at 9.) Although appellant actually served the two prison terms concurrently, the trial court considered a recidivism factor under R.C. 2929.12(D)(2) by recognizing appellant's criminal history. Nonetheless, appellant contends that the trial court focused only on the criminal history without considering other factors in R.C. 2929.12. In support, appellant relies on State v. Clark (Apr. 17, 2001), Franklin App. No. 00AP-591. In Clark, this court reversed a defendant's sentence because the trial court failed to properly apply R.C. 2929.12. The trial court merely stated, "I just feel the sentence is appropriate in light of the severity of the offense." Id. We held that the trial court failed to consider mitigating factors, as demonstrated by the trial court announcing the sentence before asking the defendant for statements on his behalf. Id.
 {¶ 12} Clark is inapposite. Here, the trial court noted in the judgment entry that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C.2929.12." Appellant contends that we should not consider the judgment entry because it is "boilerplate." However, the entry confirms that the trial court considered R.C. 2929.12 at the sentencing hearing. During the hearing, the trial court analyzed the severity of the burglary offense, allowed appellant to make mitigating statements and, as noted above, referenced appellant's criminal history. Furthermore, the trial court verified that it "has to follow the legislation dealing with sentencing." (Tr. at 9.)
 {¶ 13} The trial court also elaborated on its sentencing considerations in an entry denying appellant's "Motion for Reconsideration of Sentence." The trial court noted that appellant's prior record demonstrates recidivism. Moreover, the trial court explained that it "would demean the seriousness of these offenses" to place appellant on community control through the CBCF.
 {¶ 14} Thus, the trial court has specifically recognized and explained the seriousness and recidivism factors in R.C. 2929.12 that pertain to appellant's convictions. The trial court's statements rise above the "rote recitation" threshold required by Arnett. Accordingly, we conclude that the trial court properly considered R.C. 2929.12 when sentencing appellant.
 {¶ 15} We further reject appellant's assertion that the trial court abused its discretion by imposing imprisonment instead of CBCF placement. Pursuant to the felony sentencing guidelines implemented in S.B. No. 2 in 1996, we no longer review felony sentences under the abuse of discretion standard. State v. Price, Franklin App. No. 03AP-459, 2004-Ohio-1223, at ¶ 14. Indeed, R.C. 2953.08(G)(2) specifically provides that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."
 {¶ 16} The Second District Court of Appeals examined an abuse of discretion claim similar to appellant's in State v. Alvarez,154 Ohio App.3d 526, 2003-Ohio-5094. In Alvarez, the defendant asserted that the trial court abused its discretion by imposing a prison sentence against the state's recommendation for community control. Id. at ¶ 15-16. The appellate court declined to review the defendant's claim. Id. at ¶ 16. The appellate court reasoned that the defendant "points to no failure on the court's part with respect to the procedures the court was required to follow," and that R.C. 2953.08 does not permit appellate review for abuse of discretion claims. Id. Like Alvarez, appellant inappropriately raises an abuse of discretion claim with no reference to sentencing guidelines that would prohibit the trial court from imposing the prison sentence.
 {¶ 17} Despite appellant's reliance on the abuse of discretion standard, we cannot conclude that the trial court acted "contrary to law" by imposing the prison sentence. See R.C. 2953.08(A)(4). Appellant's second-degree felony conviction carries a presumption "that a prison term is necessary in order to comply with the purposes and principles of sentencing." R.C. 2929.13(D). Likewise, appellant's previous imprisonment weighs against the R.C. 2929.13(B) preference for community control on the fifthdegree felony convictions. Moreover, appellant's three-year prison sentence for the burglary conviction is within the statutory range for a second-degree felony, R.C. 2929.14(A)(2), and the eleven-month prison sentence for the theft and forgery convictions are within the statutory range for fifth-degree felonies, R.C. 2929.14(A)(5).
 {¶ 18} Finally, the trial court is not bound to accept sentencing recommendations. Alvarez at ¶ 16. Consequently, appellant signed a guilty plea form that details the trial court's authority to impose a prison sentence for appellant's convictions. Similarly, appellant's trial counsel admitted that appellant "realizes it's up to the court" to allow CBCF placement. (Tr. at 7.)
 {¶ 19} Accordingly, we conclude that the trial court did not err when it sentenced appellant to prison instead of CBCF placement. As such, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Sadler and Wright, JJ., concur.
Wright, J., retired of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.