OPINION
{¶ 1} Appellant Joseph Ward appeals from his conviction and sentence in the Licking County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 9, 2004, appellant pled guilty to seven counts of breaking and entering, three counts of safecracking, and two counts of misdemeanor attempted breaking and entering. A sentencing hearing was conducted on May 4, 2004. Appellant was sentenced to eleven months on each breaking and entering count, to be served concurrent to one another; fifteen months on each safecracking count, to be served consecutive to one another and consecutive to the other counts; and six months on each attempted breaking and entering count, to be served concurrent with one another and with the breaking and entering counts, for a total sentence of fifty-six months.
 {¶ 3} Appellant herein raises the following five Assignments of Error:
 {¶ 4} "I. The trial court erred in finding that defendant-appellant was on probation or control at the time the offenses were committed.
 {¶ 5} "II. The trial court erred in finding that defendant-appellant had previously served a prison term.
 {¶ 6} "III. The trial court erred in finding that defendant-appellant was part of organized criminal activity when committing the offenses.
 {¶ 7} "IV. The trial court failed to make specific findings on the record when sentencing defendant-appellant to consecutive sentences.
 {¶ 8} "V. The trial court failed to make specific findings on the record when sentencing defendant-appellant to more than the minimum term of imprisonment."
 Standard of Review {¶ 9} Pursuant to the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a sentence is set forth in R.C. 2953.08. Specifically, 2953.08(A) presently reads:
 {¶ 10} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 11} "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, the sentence was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, the maximum prison term was not required for the offense pursuant to Chapter 2925. or any other provision of the Revised Code, and the court imposed the sentence under one of the following circumstances:
 {¶ 12} "(a) The sentence was imposed for only one offense.
 {¶ 13} "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
 {¶ 14} "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (i) of section 2929.13
of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
 {¶ 15} "(3) The person was convicted of or pleaded guilty to a sexually violent offense, was adjudicated as being a sexually violent predator, and was sentenced pursuant to division (A)(3) of section 2971.03
of the Revised Code, if the minimum term of the indefinite term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code is the longest term available for the offense from among the range of terms listed in section 2929.14 of the Revised Code. As used in this division, `sexually violent offense' and `sexually violent predator' have the same meanings as in section 2971.01 of the Revised Code.
 {¶ 16} "(4) The sentence is contrary to law.
 {¶ 17} "(5) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(2)(b) of section 2929.14 of the Revised Code.
 {¶ 18} "(6) The sentence consisted of an additional prison term of ten years imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code."
 I., II., III. {¶ 19} In his First, Second, and Third Assignments of Error, appellant argues certain findings made as part of his sentencing are not supported by the record.
 {¶ 20} A defendant may appeal a sentence that is "contrary to law" pursuant to R.C. 2953.08(A)(4). A sentence "contrary to law" includes a sentence rendered with findings and reasons devoid of evidentiary support. State v. Legg, Franklin App. No. 04AP-258, 2005-Ohio-581, citingState v. Altalla, Franklin App. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7.
 {¶ 21} Pursuant to R.C. 2953.08(F), the record on appeal in a felony sentencing challenge shall include, inter alia, "[a]ny presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed." Furthermore, even when made part of the record, a PSI will be kept under seal. See R.C. 2951.03(D)(3). In the case sub judice, appellant failed to include in the record a copy of the presentence investigation ("PSI") referenced by the trial court. (See Tr. at 5). Appellant thus seeks to attack the validity of some of the court's sentencing findings (as opposed to arguing that statutory findings were not made), without affording us the opportunity to review the entire record. See App.R. 9. "A meaningful review of the trial court's decision must be based on the record before [the appellate court], not mere conclusory assertions in an appellate brief." State v.Kelly (1999), 145 Ohio App.3d 277, 283.
 {¶ 22} Under the circumstances of the case sub judice, we find no basis to reverse or remand appellant's sentences in this regard, since there is a failure to make the presentence investigation report part of the record. Accord State v. Mills, Ashland No. 03 COA 001, 2003-Ohio-5083.
 {¶ 23} Accordingly, appellant's First, Second, and Third Assignments of Error are overruled.
 IV. {¶ 24} In his Fourth Assignment of Error, appellant contends the trial court failed to sufficiently state its findings when sentencing appellant to consecutive sentences. We agree.
 {¶ 25} The trial court made the following pertinent statements at the sentencing hearing:
 {¶ 26} "THE COURT: Well, Mr. Ward, the Court has considered the purposes and principles of sentencing set out under Section 2929.11 of the Revised Code, as well as the seriousness and recidivism factors set out under Section 2929.12. The Court notes the seven separate breaking and entering counts. The victims here suffered serious economic harm. This was committed as part of organized criminal activity along with at least two other co-defendants. Your record indicates a history of convictions and delinquency violations. Clearly there is a pattern of drug and alcohol abuse, which you've recognized here today. You have been to prison before. You were on some type of probation or control at the time this occurred. * * *.
 {¶ 27} "I would also tell you I suppose, Mr. Ward, the ball is in your court. There's nothing that says you couldn't be considered for judicial release, but whether you can be is going to be up to you. You have to put yourself in that position, and as is indicated they didn't think you were a good candidate for CBCF now, so they want to see you changing to make positive steps, so take advantage of the opportunities you find.
 {¶ 28} "DEFENDANT" Yes, sir.
 {¶ 29} "THE COURT: And make the best of that situation.
 {¶ 30} "Do you have any questions about that sentence, Mr. Ward?
 {¶ 31} "DEFENDANT: No, sir, not at this time.
 {¶ 32} "THE COURT: Ms. Burkett?
 {¶ 33} "MS. BURKETT: Your Honor, the Court indicated and I'm not sure exactly how the law reads, that Mr. Ward had been to prison before. He was sent to DYS, but he has no prior prison sentence. Therefore, I suppose just for the record, I would place an objection on the record as to both the consecutive sentences and the greater than the minimum sentence.
 {¶ 34} "THE COURT: Well, I find he was incarcerated, DYS, and also I'd find that the minimum sentence would demean the seriousness of the offense given the past arrests and convictions for theft, and the number of offenses which are involved in these occurrences here. I also find Mr. Ward is not amenable to an available community sanction, specifically having been found not acceptable into the CBCF program, nor would a minimum sentence seem to adequately protect the public here given the number of offenses." Tr. at 5-9.
 {¶ 35} R.C. 2929.14(E)(4) provides:
 {¶ 36} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 37} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 38} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 39} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 40} In State v. Comer, 99 Ohio St.3d 463, 793 N.E.2d 473,2003-Ohio-4165, paragraph one of the syllabus, the Ohio Supreme Court held: "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 41} In the case sub judice, the trial court made partial oral findings under R.C. 2929.14(E)(4), including a finding under subsection (c).[1] Tr. at 6-8. However, the court made no approximation of a "non-disproportionate" finding and related reason[s] as statutorily required for a consecutive sentence and pursuant to Comer, supra. Upon review, therefore, we hold the trial court did not sufficiently state its findings and reasons under R.C. 2929.14(E)(4), and we conclude appellant has demonstrated a reversible consecutive sentence error. As the Supreme Court maintained in Comer, "* * * an incourt explanation gives counsel the opportunity to correct obvious errors. Moreover, an in-court explanation encourages judges to decide how the statutory factors apply to the facts of the case. If these important findings and reasons were not given until the journal entry there is the danger that they might be viewed as after-the-fact justifications." Id. at 468.
 {¶ 42} Appellant's Fourth Assignment of Error is sustained.
 V. {¶ 43} In his Fifth Assignment of Error, appellant contends the trial court failed to sufficiently state its findings when sentencing appellant to "more than the minimum" sentences. We disagree.
 {¶ 44} R.C. 2929.14(B) requires the sentencing court to consider the minimum prison term, if the offender was not in prison at the time of the offense, or has not previously served a prison term, unless the court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B) does not require the trial court to give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Carter, Coshocton App. No. 04CA8, 2004-Ohio-6365, ¶ 22, citing State v. Edmonson,86 Ohio St.3d 324, syllabus, 1999-Ohio-110.
 {¶ 45} However, as is indicated in the above quotation from the sentencing hearing transcript, the trial court made a finding that a minimum sentence would demean the seriousness of the offense. See Tr. at 9. Although appellant urges that ineligibility for community control is unrelated to the issue of non-minimum sentencing, we find the trial court satisfactorily complied with R.C. 2929.14(B) in this matter.
 {¶ 46} Accordingly, we find no merit in appellant's claim that the trial court erroneously sentenced him to "more than minimum" terms on the ten felony charges.
 {¶ 47} Appellant's Fifth Assignment of Error is therefore overruled.
 {¶ 48} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Licking County, is hereby affirmed in part, reversed in part, and remanded for resentencing.
Wise, J. Edwards, J., concurs. Hoffman, P.J., concurs in part and dissents in part.
[1] While this particular finding was technically made in connection with R.C. 2929.14(B)(2), we find it appropriately rendered under R.C.2929.14(E)(4). Cf. State v. Marquis, Stark App. No. 2004CA00119, 2005-Ohio-1063, ¶ 24. Nonetheless, it would be the better practice for trial courts to make clear the statutory nexus of any "protect the public" finding.