OPINION
{¶ 1} Defendant-appellant Jason Ellis appeals from his conviction and sentence in the Fairfield County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On October 8, 2004, appellant was indicted for one count of burglary a felony of second degree, two counts of theft, felonies of the fifth degree, three counts of breaking and entering, felonies of the fifth degree, and one count of possession of criminal tools, a felony of the fifth degree.
 {¶ 3} On December 9, 2004 appellant entered a guilty plea to counts one, two, three, four, five, and six of the indictment. Count seven of the indictment was dismissed upon motion of the State. The trial court deferred sentencing.
 {¶ 4} On January 20, 2005, a sentencing hearing was conducted by the trial court. The trial court sentenced appellant to a prison term of four years as to Count one, burglary, nine months on Count two, theft, nine months to Count three, theft, nine months on Count four, breaking and entering, nine months on Count five, breaking and entering, and nine months as to Count six, breaking and entering. The trial court ordered the sentences to be served consecutively to each other for an aggregate sentence of seven years and nine months, less credit for time served. The trial court granted appellant community control sanctions as to Counts five and six. Appellant was further ordered to pay a fine of $2,000 and the cost of the prosecution. Appellant timely filed his appeal and has raised the following three assignments of error for our consideration:
 {¶ 5} "I. THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE UPON THE APPELLANT.
 {¶ 6} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE MINIMUM PRISON SENTENCE UPON THE APPELLANT.
"III. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UPON THE APPELLANT."
 I. II. {¶ 7} In his First Assignment of Error appellant argues that the trial court erred in imposing a sentence of imprisonment. In his Second Assignment of Error appellant contends that the trial court erred in not imposing the minimum sentence. We disagree.
 {¶ 8} After the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a felony sentence was modified. Pursuant to present R.C. 2953.08(G) (2): "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion.
 {¶ 9} The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 10} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E) (4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant; "(b) That the sentence is otherwise contrary to law."
 {¶ 11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F) (1) through (3). The sentence imposed, by the trial court, should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 13} In the case at bar, appellant was convicted, among other charges, of one count of Burglary, in violation of R.C. 2911.12(A) (1), a second degree felony. For a violation of a felony of the second degree the court must impose a definite prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A) (2). Appellant, having previously served a prison sentence, was sentenced to a less than maximum term of four years, which is within the statutory sentencing range for his offense. It would appear, therefore, that what the appellant is really arguing is that the trial court erred by not overcoming the presumption of imprisonment contained in R.C. 2929.13(D).
 {¶ 14} R.C. 2929.13(D) provides:
 {¶ 15} "(D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree and for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729, of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925. 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 {¶ 16} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 17} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 18} Thus, in order to impose a community control sanction in the instant case the trial court would have been required to find that such a sanction would adequately punish appellant, that appellant was less likely to re-offend, and that such a sanction would not demean the seriousness of the offense, because appellant's conduct was less serious than conduct normally constituting the offense.
 {¶ 19} R.C. 2953.08(B) provides:
 {¶ 20} "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
 {¶ 21} "(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925. of the Revised Code."
 {¶ 22} The Legislature has expressly provided that the prosecution can appeal a trial court's decision overcoming the presumption of imprisonment contained in R.C. 2929.13. No such provision has been made for a defendant to appeal a sentence on the basis that the trial court refused to supersede the presumption for a prison term on a second degree felony. As this Court has previously held:
 {¶ 23} "Appellant seeks to appeal his sentence as of right based upon the trial court's refusal to supersede the presumption for a prison term on a second degree felony. R.C. Section 2953.08 sets forth the circumstances under which a defendant may appeal a felony sentence as of right. The statute does not provide an appeal as of right in this circumstance, nor does the `contrary to law' provision require each and every sentence be subjected to review under the guidelines. State v.Untied, March 5, 1998, Muskingum App. No. CT97-18; State v. Taylor,
August 8, 2003, Tuscarawas App. No. 2002CA78. Here, appellant was convicted of a second degree felony and was not given the maximum sentence; therefore, his appeal is not permitted by R.C. 2953.08. Id."State v. Barton, 5th Dist. No. 2003CA00064, 2004-Ohio-3058 at ¶ 74. See, also, State v. Miller, 5th Dist. No. 04-COA-003, 2004-Ohio-4636 at ¶ 37-38.
 {¶ 24} Appellant's contention, therefore, is that the trial court abused the discretion conferred on it, which is not a matter for which R.C. 2953.08(G) permits appellate review. See State v. Cochran, 2nd
Dist. No. 20049, 2004-Ohio-4121; State v. Alvarez (2003),154 Ohio App.3d 526, 2003-Ohio-5094, 797 N.E.2d 1043, State v. Kennedy
(Sept. 12, 2003), Montgomery App. No. 19635, 2003-Ohio-4844, State v.Miller, supra.
 {¶ 25} With respect to appellant's sentences for the felonies of the fifth degree, pursuant to R.C. 2953.08 (A)(2) a person who receives a prison sentence for a felony of the fourth or fifth degree may only appeal as of right the imposition of the prison sentence if the "trial court did not specify at sentencing that it found one or more factors specified in division (B)(1)(a) to (i) of Section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of the factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender." Section 2929.13 (B) (1) (g) indicates the court shall consider whether the offender previously served a prison term. The trial court in this case noted that the appellant has previously served a prison sentence. (ST. at 20-21; 33). Accordingly, it would appear that appellant is not permitted to appeal the imposition of the prison sentence rather than a community control sanction in this case. State v. Rostorfer, 5th Dist. No. 03-COA-018, 2004-Ohio-975 at ¶ 37; State v. Brown, Hamilton App. No. C-010683, 2002-Ohio-2762 at paragraph 1-2; State v. McNeil (May 22, 1998), Ham. App. No. C-960980.
 {¶ 26} Assuming arguendo that we were to review appellant's assignment of error on the merits, his arguments would nonetheless fail.
 {¶ 27} As appellant had previously served a prison term, the R.C.2929.14 (B) presumption of the appropriateness of the shortest authorized prison term does not apply to this case. In addition to noting that the appellant had previously served the prison sentence, the trial court noted that the appellant had committed the crimes in the case at bar while he was subject to post-release controls. (ST. at 33; 34-35; 38). The court further noted the likelihood of recidivism based upon defendant's prior felony and misdemeanor history, and that the appellant has failed to respond favorably in the past to the sanctions imposed by the courts. (Id. at 33; 34-35).
 {¶ 28} Therefore, we find the trial court sufficiently made R.C. 2929.13
and 2929.14 findings at the sentencing hearing such as to overcome any argument for non-imposition of a prison sentence, or the imposition of a minimum prison sentence in this case. Accordingly, appellant's First and Second assignments of error are overruled.
 III. {¶ 29} In his Third Assignment of Error, appellant alleges that the trial court erred when it sentenced appellant to serve the sentences in the case at bar consecutively. Appellant concedes that the trial court made the requisite findings pursuant to R.C. 2929.14(E). (Appellant's Brief at 9). Appellant argues that the trial court did not state its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B) (2) (c). (Id.). We disagree.
 {¶ 30} The statutory scheme assumes that sentences imposed in separate cases will be concurrent unless the court determines consecutive sentences should be imposed under R.C. 2929.14 (E). State v. Givens,
Franklin App. No. 80319, 2002-Ohio-4904.
 {¶ 31} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E) (4) and R.C. 2929.19(B) (2) (c). R.C.2929.14(E)(4) states as follows: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 32} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 33} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 34} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 35} R.C. 2929.14(E)(4) requires the court to make three findings in order to sentence an offender to consecutive sentences: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender, * * * [(2)] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, * * * [and (3)] [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 36} "Consecutive sentences are reserved for the worst offenses and offenders." State v. Comer (2003), 99 Ohio St. 3d 463 at ¶ 21 (citation omitted). Thus, in imposing consecutive sentences, the trial court must support its decision with specific findings as to all three requirements of R.C. 2929.14(E) (4). Id.
 {¶ 37} In the case at bar, the trial court specifically found that each requirement of R.C. 2929.14(E) (4) was present. Further, the trial court explained its reasons for imposing consecutive sentences. In support of its findings, the trial court stated at the sentencing hearing that its decision was based on appellant's criminal past, including a nineteen month prison sentence and appellant's lack of rehabilitation. (ST. at 33; 34-35). The trial court noted that the appellant had committed the crimes in the case at bar while he was subject to post-release controls. (ST. at 33; 34-35; 38). The trial court noted with respect to the burglary charge that appellant's conduct "caused psychological harm and concerns by all the people who attend the church in one form or another as to the safety and security of their facility". (ST. at 34). The court further noted "[a]nd I asked you what the longest period of time that you'd spent in prison. You indicated 19 months. And for me, that is an important factor here in determining what's the appropriate sanction here, because it seems to me that if 19 months in prison did not serve to make an impression upon you, then the Court is called upon to impose a longer period of incarceration such that hopefully, if given enough period of time of incarceration, you will get your priorities straight." (Id. at 33). The trial court specifically found "that these sentences are not disproportionate to the seriousness of your conduct." (Id. at 38).
 {¶ 38} These factors clearly support the trial court's conclusion that consecutive prison terms are necessary to protect the public and punish the offender. They further support the trial court's conclusion that consecutive sentences, in this case, are not disproportionate to the criminal conduct involved here and appellant's' subsequent danger to the public. Moreover, these findings substantiate the trial court's determination that appellant's criminal history necessitates consecutive sentences to protect the public from future crimes.
 {¶ 39} Thus, we find that the trial court provided sufficient findings as to all three elements required to impose consecutive sentences.
 {¶ 40} Appellant's Third assignment of error is overruled.
 {¶ 41} For the foregoing reasons, the judgment of the Fairfield County Court of Common Pleas, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the foregoing reasons, the judgment of the Fairfield County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.