OPINION
{¶ 1} Defendant, Solomon Mitchell, was convicted after a trial by jury of four counts of kidnaping, three counts of aggravated burglary, and three counts of aggravated robbery. Those convictions arose from events in which Defendant forcibly entered a residence, and at gunpoint abducted and terrorized a mother and her seven year old daughter, not once but on two occasions, fifteen days apart. *Page 2 
 {¶ 2} Mitchell has been before us twice before. In his first appeal, we reversed consecutive sentences the trial court imposed because it failed to make the array of the findings required by R.C.2929.19(B)(2)(c). State v. Mitchell, Montgomery App. No. 20372,2005-Ohio-912. In the second appeal, following the Supreme Court's decision in State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, we reversed the consecutive sentences the trial court again imposed because it made the required findings. State v. Mitchell, Montgomery App. No. 21020, 2006-Ohio-1602. O tempora! O mores!
 {¶ 3} The case is now before us following our most recent remand, in which the trial court imposed the same combination of consecutive and concurrent sentences it had imposed twice before, which in the aggregate total thirty years.
ASSIGNMENT OF ERROR {¶ 4} "THE SENTENCE IMPOSED BY THE TRIAL COURT WAS ILLEGAL BECAUSE IT WAS AN ABUSE OF DISCRETION."
 {¶ 5} In State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169, we wrote:
 {¶ 6} "{¶ 8} The appellate jurisdiction of the courts of appeals is determined by statute. Article IV, Section (B)(2), Ohio Constitution. That jurisdiction with respect to review of criminal sentences is set out in R.C. 2953.08.
 {¶ 7} "{¶ 9} R.C. 2953.08(A)(1)-(6) specifies the *Page 3 
particular grounds on which a defendant may seek appellate review of his or her sentence. Paragraph (G)(1) of that section authorizes a remand when statutorily-required findings were not made by the trial court. Paragraph (G)(2) authorizes the appellate court to `increase, reduce, or otherwise modify a sentence that is appealed under this section or [to] vacate the sentence and remand the matter to the sentencing court for resentencing.' Id. That section further provides that `[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.' In consequence of that, our review is limited to alleged errors in the procedures the trial court is required by statute to follow with respect to the offense, the defendant, and the sentence that was imposed. State v. Kennedy (Sept. 12, 2003), Montgomery App. No. 19635, 2003-Ohio-4844; State v. Alvarez (Sept. 26, 2003), Montgomery App. No. 19670, 2003-Ohio-5094, 154 Ohio App.3d 526, 797 N.E.2d 1043.
 {¶ 8} "{¶ 10} R.C. 2953.08(G)(2) specifies that the appellate court can order the relief that section authorizes only if the appellate court `clearly and convincingly finds' one or both of the alternative grounds listed in (a) and (b). Subsection (a) involves certain statutory prescriptions that are either not involved in this case or which Defendant's contentions don't implicate. Subsection (b) is `that the sentence is contrary to law .' *Page 4 
 {¶ 9} "¶ {11} That a sentence is `contrary to law' is one of the grounds on which a defendant may seek appellate review of his or her sentence. R.C. 2953.08(A)(4). That does not include abuse of discretion claims, however, because R.C. 2 953.08(G)(2) expressly deprives appellate courts of an abuse of discretion standard of review.Kennedy, supra. Rather, `contrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffin and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 `Where a sentencing court fails to make findings required in R.C. 2929.13 or R.C. 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law.' Id., at p. 779, citing State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110. Kennedy, supra." Lofton, ¶ 8-11.
 {¶ 10} Since Lofton was decided, the findings and reasons requirements of R.C. 2929.13, 2919.14, and 2919.19 have been held unconstitutional.State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. However, the seriousness and recidivism provisions of R.C. 2929.12, as well as the purposes of felony sentencing that R.C. 2929.11 requires the court to consider, remain unaffected by that holding.
 {¶ 11} Defendant argues that the trial court imposed a *Page 5 
sentence that is excessive and too harsh under the circumstances. Defendant is a young man, currently twenty-two and but nineteen at the time of the offense, and has no prior criminal record. Also, the victims, although frightened, were not physically harmed. Defendant argues that, on this record, the trial court necessarily ignored the purposes of felony sentencing in R.C. 2929.11, by which, pursuant to that section, the court must be guided when imposing a sentence for a felony offense. R.C. 2953.08(G)(2)(b). R.C. 2929.11(A) provides, inter alia, that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 12} When it imposed its most recent sentence, the trial court referenced its previous findings, on two occasions, that in relation to Defendant's conduct consecutive sentences are necessary to protect the public from future crime by Defendant Mitchell and to punish him, adding that nothing was presented in the third sentencing proceeding to change the court's mind. Because the record does not support a finding that the trial court "manifestly ignored" the requirements of R.C. 2929.11 with respect to the sentences it imposed, we cannot "clearly and convincingly find" that the sentence is contrary to law, R.C. 2953.08(G)(2). Whether the court abused its discretion in so doing is, as we have said, not subject to our review on appeal. Kennedy; Lofton; State v. Johnson, Montgomery App. *Page 6 
 {¶ 13} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1